UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BALBIR S. DHAMI, ET AL.,<br><br>    Defendant. | No. 2:14-cv-1150 KJM AC<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Pending before the court is plaintiff's July 21, 2014, motion for default judgment against defendant Sahota Truck Plaza, located at 7891 Stockton Blvd., Sacramento, California 95823. ECF No. 9 at 2. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. E.D. Cal. R. 78-230(g). Upon review of the docket, the motion for default judgment and all attached exhibits, THE COURT FINDS AS FOLLOWS:

PROCEDURAL BACKGROUND

Plaintiff initiated this action on May 9, 2014 alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the California Unruh Civil Rights Act, the California Disabled Persons Act, Cal. Civ. § 54–54.8, and negligence. A certificate of service filed May 20, 2014, demonstrates that the summons and complaint were served on this defendant

1

on May 14, 2014 by personal service to Jasreet K. Sahota, the designated agent for service of process at 9544 Wadena Way, Elk Grove, California 95758. ECF No. 4 at 1.[1] Sahota Truck Plaza has not answered or otherwise appeared. On July 8, 2014, at plaintiff's request, the Clerk entered default as to Sahota Truck Plaza. ECF No. 6. On July 21, 2014, plaintiff filed the instant motion for default judgment, and served a copy of the motion by mail on the defendant at 9544 Wadena Way, Elk Grove, California 95758. ECF No. 9.

## DISCUSSION

It is within the sound discretion of the district court to grant or deny an application for default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. Tele Video Systems, Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

A.   The Americans with Disabilities Act

Title III of the ADA provides that "[n]o individual shall be discriminated against on the

---

[1] Plaintiff voluntarily dismissed Balbir S. Dhami as a defendant, without prejudice, on July 11, 2014. ECF No. 7.

basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Here, plaintiff alleges (1) that he is disabled, Compl. ¶ 1; (2) that defendant Sahota Truck Plaza is a place of public accommodation, id. ¶ 7; (3) that plaintiff was denied access to defendant's business because of plaintiff's disability, id. ¶ 20; and (4) that defendant's business has a number of architectural barriers (lack of correct number and type of properly configured disabled parking space(s) including a space with an access aisle, accessible route, accessible entrance, accessible path of travel inside the business, and accessible restrooms), id. ¶ 9–19. Plaintiff argues that whether the removal of these barriers is readily achievable is an affirmative defense that is waived if not raised. ECF No. 9 at 6–7 (citing Wilson v. Haria and Gorgi Corp., 479 F. Supp. 2d 1127, 1133 & n.7 (E.D. Cal. 2007)). The Court finds that it does not need to address the issue of whether the "ready achievability" of the barriers constitutes an affirmative defense. Regardless, 28 C.F.R. § 36.304(b) specifically lists "[c]reating designated accessible parking spaces . . . [w]idening doors . . . [and] installing grab bars in toilet stalls" as examples of

3

1  typical "steps to remove barriers." This means that the barriers cited by plaintiff are per se
2  readily achievable and plaintiff has therefore met his burden.

3  Because plaintiff's allegations are taken as true on default, the court finds that plaintiff has made out a prima facie Title III discrimination claim. Additionally, the court finds that the majority of the <u>Eitel</u> factors weigh in favor of granting default judgment to plaintiff on that claim. Therefore, the court recommends that plaintiff be granted default judgment against defendant on his ADA claim and award plaintiff an injunction requiring defendant to provide the correct number and type of properly configured disabled parking space(s) including a van accessible disabled parking space, an accessible entrance landing, an accessible entrance, and accessible restrooms in accordance with the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36. <u>See</u> 42 U.S.C. § 12188(a)(2) (authorizing injunctions under the ADA).

B.     <u>Unruh Civil Rights Act</u>

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To prevail on his disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) defendant denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; (2) a motivating reason for defendant's conduct was plaintiff's disability, (3) plaintiff was harmed; and (4) defendant's wrongful conduct was a substantial factor in causing plaintiff's injury. California Civil Jury Instructions (CACI), No. 3020. A plaintiff who establishes a violation of the ADA need not prove intentional discrimination under the Unruh Act. <u>See</u> <u>Munson v. Del Taco, Inc.</u>, 46 Cal. 4th 661 (Cal. 2009) (interpreting Cal. Civ. Code § 51(f), which provides "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section").

////

Here, because plaintiff's complaint properly sets out the necessary elements for his ADA claim, plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act claim. Therefore, and because there are no policy considerations which preclude the entry of default judgment on this claim, Eitel, 782 F.2d at 1471–72, the court will recommend that plaintiff's motion for default judgment on his Unruh Civil Rights Act claim be granted.

The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4,000 per violation, and "any attorney's fees that may be determined by the court in addition thereto." Cal. Civ. Code § 52(a). Plaintiff's motion seeks a damages award in the amount of $20,000 for violation of the Unruh Civil Rights Act. ECF No. 9 at 7. The Complaint, however, does not specify on how many occasions or on what dates plaintiff visited defendant's business. Nor does the complaint contain any details regarding multiple discrete visits. It merely alleges "several" visits to the defendant's business location in 2013 and 2014. Compl. ¶ 20. "[N]ecessary facts not contained in the pleadings . . . are not established by default." Cripps, 980 F.2d at 1267. The Complaint in this case does not allege facts to support the requested award of $20,000. Accordingly, the Court will recommend that plaintiff be awarded the minimum $4,000 in statutory damages.

Plaintiff also requests $2,735 in attorney's fees and costs under Title III of the ADA and the Unruh Civil Rights Act. ECF No. 9 at 7. Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1146–48 (9th Cir.2001). The hourly rate is generally calculated "according to the prevailing market rates in the relevant legal community." Blum v. Stenson, 465 U.S. 886, 895 (1984). It is also the general rule that the court will use the rates of attorneys practicing in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.1993). Plaintiff requests attorney fees at an hourly rate of $425 for 5.4 hours of work, along with $440 in filing fees and service costs. ECF No. 9-2 at ¶ 5, 7. Plaintiff claims that this is a fair rate for attorneys with similar experience in the area of disability law, but does not address the prevailing market rates in the forum district. Id. at ¶ 7. The Court has found that the prevailing rate is $250 per hour in the Sacramento division of the Eastern District of

California for similar services by lawyers of reasonably comparable skill, experience, and reputation.  See, e.g., Loskot v. D & K Spirits, LLC, 2:10-CV -0684 WBS DAD, 2011 WL 567364 at *5 (E.D. Cal. Feb. 15, 2011) (citing numerous Eastern District ADA cases resolved on default judgment where $250 was determined to be the reasonable rate).  Accordingly, the Court will recommend that plaintiff be awarded $1,790 in attorney fees and costs, based on an hourly rate of $250 along with $440 in filing fees and service costs. [2]

Based on the foregoing, IT IS HEREBY ORDERED that the September 3, 2014, hearing on plaintiff's motion for default judgment is vacated; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment on plaintiff's ADA claim and Unruh Civil Rights Act claim be granted;

2. Plaintiff be awarded statutory damages in the amount of $4,000 and attorney's fees and costs in the amount of $1,790; and

3. Plaintiff be granted an injunction requiring defendant to provide the correct number and type of properly configured disabled parking space(s) including a one with an access space, an accessible entrance landing, an accessible entrance, accessible travel inside the business, and accessible restrooms in accordance with the ADA and the ADAAG.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v.

////

////

---

[2] Although plaintiff's Complaint contains claims for violation of the California Disabled Persons Act and negligence, plaintiff does not address those claims in his Motion for Default Judgment. Accordingly, the Court only reaches plaintiff's claims for violation of the ADA and the Unruh Civil Rights Act.

6

Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 2, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE